**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:10 PM November 14, 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| GRACE MARIE MCKEAL, | ) | CASE NO. 14-62113 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

   As part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Congress inserted new limitations into the United States Bankruptcy Code ("the Code") for repeat bankruptcy filers. One of the new repeat filer limitations states that the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3). This limitation is only applicable if the debtor had another bankruptcy case pending within one year of the petition date of a new case. Id. However, the Code allows a debtor to extend the stay past the thirty day deadline if notice and a hearing are completed before the deadline, and the court is convinced that new case is filed in good faith. Id. § (c)(3)(B). In the current case, Grace Marie McKeal ("Debtor") is a repeat filer subject to § 362(c)(3), but did not complete the required notice and hearing within thirty days of her petition. Instead, on October 29, 2014, which is already after the thirty-day deadline, Debtor filed a motion to extend the automatic stay (the "Motion"). No creditor has filed an objection. The court must determine how to treat Debtor's late filed Motion.

   The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of

1

reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### Facts

Debtor, along with her husband, initially filed for chapter 13 bankruptcy protection on April 7, 2014. Unfortunately, the case did not go smoothly. On May 23, 2014, Toby L. Rosen, the chapter 13 panel trustee ("Trustee"), filed a motion to dismiss Debtor's case for failure to appear at the § 341 meeting of creditors and failure to make plan payments. After a hearing held on July 30, 2014, the court dismissed Debtor's initial bankruptcy case on August 1, 2014.

On September 24, 2014, Debtor, this time without her husband as a co-debtor, refiled under chapter 13. Debtor successfully appeared for the § 341 meeting of creditors, and the court signed a wage order directing Debtor's employer to pay $1,127.00 per month to Trustee. On October 29, 2014, noting the limitations imposed by § 362(c)(3) due to Debtor's repeat filer status, Debtor filed her motion to extend the automatic stay. Debtor's case was filed on September 24, 2014, and the Motion was filed on October 29, 2014, leaving a thirty-five day gap between the petition date and the filing of the Motion.

### Law & Analysis

One of the lynchpins of bankruptcy is the automatic stay, which goes into effect as soon as a debtor files a bankruptcy petition and "operates as a stay of virtually any act to collect a debt or gain control of an interest in property of the estate." In re Dowden, 429 B.R. 894, 902 (Bankr. S.D. Ohio 2010). From a policy perspective, the automatic stay "seeks to preserve what remains of the debtor's insolvent estate and . . . provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." United States v. Robinson (In re Robinson), 764 F.3d 554, 559 (6th Cir. 2014). A creditor who desires to continue collection efforts normally must request that the bankruptcy court lift the automatic stay based on specific statutorily enumerated grounds located within § 362(d), or wait until the bankruptcy discharge is either granted or denied. In re Dowden, 429 B.R. at 902.

However, BAPCPA instituted new restrictions on the automatic stay for debtors who have filed multiple bankruptcy cases. 11 U.S.C. § 362(c). If a debtor had one bankruptcy case pending within the year before the filing of a debtor's current petition, the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." Id. § 362(c)(3)(A). If the debtor provides notice and hearing within the thirty day window, and also convinces the court "that the filing of the later case is in good faith," the automatic stay may be extended beyond the thirty day deadline. Id. § 362(c)(3)(B). While all courts agree that after the thirty-day deadline (assuming no extension) at least a portion of the automatic stay is terminated,

the exact scope of the stay under § 362(c)(3) after the thirty-day period is the subject of disagreement between courts. In re Paschal, 337 B.R. 274, 277 (Bankr. E.D.N.C. 2006) (stating that § 362(c)(3) is open to different interpretations); In re Charles, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005) (stating that § 362(c) is "at best, particularly difficult to parse and, at worst, virtually incoherent").

One line of cases, which has been adopted by the majority of bankruptcy courts within the Sixth Circuit, holds that the termination of the automatic stay under § 362(c)(3) only applies to the debtor's property, and not property of the bankruptcy estate. In re Dowden, 429 B.R. at 902–03; In re Robinson, 427 B.R. 412, 413–14 (Bankr. W.D. Mich. 2010); In re Johnson, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006). These courts focus on differences in the language between § 362(c)(3)(A) and (c)(4)(A)(i). Under § 362(c)(3)(A), which applies to a debtor with only one bankruptcy case pending in the year prior to the filing of the current case, the automatic stay "shall terminate *with respect to the debtor* on the 30th day after the filing of the later case." (emphasis added). However, under § 362(c)(4)(A)(i), which imposes more extreme sanctions on a debtor with multiple cases pending within the year before the filing of the present case, the automatic stay "shall not go into effect upon the filing of the later case," but can be put in place after a showing "that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B). Therefore, under § 362(c)(4)(A)(i), Congress unambiguously removed all automatic stay protections, but under § 362(c)(3)(A), Congress modified the expiration of the stay by stating that the stay "shall terminate *with respect to the debtor*." (emphasis added). Based on these statutory differences, courts have concluded that after the thirty-day period from § 362(c)(3), the automatic stay only expires with respect to the debtor's property, but continues regarding property of the bankruptcy estate. In re Dowden, 429 B.R. at 903.

Another line of cases holds that the word "terminates" from § 362(c)(3)(A) is the operative and controlling word, and the "with respect to the debtor" language only determines who is affected by the stay termination. In re Jupiter, 344 B.R. 754, 759 (Bankr. D.S.C. 2006). Therefore, in a joint case, "with respect to the debtor" may refer to one co-debtor when only one of the co-debtors had a case pending in the prior year. Id. This reading is consistent with the purposes of BAPCPA, which intended to stop abuses of the Code by repeat filers. See id. Additionally, what is included within property of the estate in a chapter 13 bankruptcy case is extremely broad, with the only excluded property being abandoned property, exempt property, and property otherwise not included within property of the estate under §§ 541(a)(1) and 1306(a). Id. at 757. Therefore, considering that the majority of a debtor's property normally becomes part of the bankruptcy estate, only terminating the stay as to a debtor's remaining property is often not a "meaningful penalty." Id. at 761–62.

In the current case, Debtor is a repeat filer within the meaning of § 362(c)(3). Debtor filed her motion to extend the automatic stay on October 29, 2014, thirty-five days after the filing of her bankruptcy petition. Debtor did not complete the statutory notice and hearing requirements necessary to obtain an extension of the automatic stay under § 362(c)(3). Therefore, the court

3

will deny Debtor's Motion. However, as highlighted above, the scope of the automatic stay, if any, that remains in effect is uncertain.[1]

While courts differ on the scope of the automatic stay after the expiration of the thirty-day period from § 362(c)(3), all courts agree that at least a portion of the stay is terminated. While the Code does not give the court the statutory authority to reinstate the automatic stay once it has been lifted, if Debtor wishes to reinstate the automatic stay she is not without recourse. Some courts have interpreted motions to reinstate the automatic stay as a motion under Federal Rule of Civil Procedure 59 (made applicable by Federal Rule of Bankruptcy Procedure 9023) to alter or amend a previous judgment. Jones v. ITT Consumer Disc. Co. (In re Jones), 354 B.R. 727, 729 (Bankr. W.D. Pa. 2006). Other courts have analyzed similar motions under Federal Rule of Civil Procedure 60(b) (made applicable by Federal Rule of Bankruptcy Procedure 9024), as a motion for relief from a judgment or order. In re Duckett, 2010 WL 3941910, at *2 (Bankr. N.D. Ohio 2010). A motion to reinstate the automatic bankruptcy stay has also been interpreted as a complaint for an injunction under Federal Rule of Civil Procedure 65 (made applicable by Federal Rule of Bankruptcy Procedure 7065). In re Jones, 354 B.R. at 730 (citing Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Grp., Ltd (In re Wedgewood Realty Grp., Ltd.), 878 F.2d 693, 701 (3d Cir. 1989)). The court makes no determination on the likelihood of success of any of the above procedural options, but simply notes that Debtor has potential avenues for relief.

**Conclusion**

Based on the above reasoning, Debtor's Motion to extend the automatic stay is **DENIED**. Debtor is given leave to refile her motion in a different form. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List**

**Grace Marie McKeal**
7 Euclid Street
Marshallville, OH 44645

**John R Bates**
436 Fair Avenue NW
New Philadelphia, OH 44663-1904

**Toby L Rosen**
Toby L Rosen, Trustee

---

[1] The court takes no position on the scope of the automatic stay after the thirty-day deadline from § 362(c)(3).

4

400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

5